UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DOMINIQUE JACKSON #581898** | **CASE NO. 6:20-CV-01413 SEC P** |
| **VERSUS** | **JUDGE ROBERT SUMMERHAYS** |
| **DARREL VANNOY** | **MAGISTRATE JUDGE PATRICK HANNA** |

**MEMORANDUM RULING**

Presently before the Court is the Petitioner's Objection to the Magistrate Judge's Report and Recommendation ("R&R") [ECF No. 18], which the Court will treat as a constructive motion for reconsideration of the Court's Judgment [ECF No. 17] pursuant to Federal Rule of Civil Procedure 59(e). On October 8, 2021, the Magistrate Judge issued an R&R [ECF No. 16] recommending that the Petition for Writ of Habeas Corpus filed by Dominique Jackson be dismissed. On October 28, 2021, after the deadline to object to the R&R, the Court entered the Judgment adopting the R&R and dismissing the Petition with Prejudice. On October 29, 2021, Petitioner filed an Objection to the R&R and subsequently filed a Notice of Appeal of the Judgment. The U.S. Court of Appeals for the Fifth Circuit ordered that the matter be remanded to permit the Court to address the constructive Rule 59(e) motion for reconsideration [ECF No. 23].

The R&R sets forth in detail the procedural history of Petitioner's challenges to his state court conviction. In summary, Petitioner challenges his state court conviction on one count of second-degree murder. Petitioner was convicted following a jury trial and sentenced to a term of life imprisonment. Petitioner challenged his conviction on the basis of: (1) insufficient evidence; (2) prosecutorial misconduct; (3) ineffective assistance of counsel in failing to object to prosecutorial misconduct; (4) ineffective assistance of counsel in failing to impeach witness testimony and request a limiting instruction; and (5) ineffective assistance of counsel in failing to

1

retain an expert.[1] The R&R addressed each of these grounds. While Petitioner "objects in general" to the entirety of the R&R, his motion specifically addresses only the sufficiency of the evidence supporting his conviction. Petitioner contends that there was insufficient evidence to convict him in state court because he was convicted solely on the basis of circumstantial evidence. He contends that evidence introduced during his trial was unreliable and that "the verdict of guilt did not exclude another reasonable hypothesis of innocence—that the injury and death of [the victim] while under the mother's care." [ECF No. 1 at 6] This is the same argument that Petitioner raised in his habeas petition and that was rejected by the Court in adopting the R&R.

The Supreme Court's decision in *Jackson v. Virginia* provides the applicable standard for evidentiary sufficiency claims.[2] As noted by the Magistrate Judge, an evidentiary sufficiency challenge under *Jackson* is subject to "two layers" of deference by the reviewing court. First, a federal habeas court may only set aside the jury's verdict if "no rational trier of fact could have agreed with the jury."[3] The reviewing court must restrict its review to the "record evidence adduced at trial,"[4] and must view the evidence in the light most favorable to the prosecution.[5] Where, as here, a federal habeas petition claims that the state court trial evidence is insufficient for a conviction, the "proper standard of review is whether any rational trier of fact could have found that the essential elements of the crime were proved beyond a reasonable doubt."[6] Second, the reviewing court "may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court."[7] "The *Jackson* inquiry

---

[1] ECF No. 1.
[2] 443 U.S. 307 (1979).
[3] *Coleman v. Johnson*, 566 U.S. 650, 651 (2012).
[4] *Young v. Guste*, 849 F.2d 970, 972 (5th Cir. 1988).
[5] *Williams v. Cain*, 408 F. App'x 817, 821 (5th Cir. 2011); *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008).
[6] *Bujol v. Cain*, 713 F.2d 112, 114 (5th Cir. 1983) (citing *Jackson*).
[7] *Coleman*, 566 U.S. at 651.

'does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit.'"[8]

On appeal from the original conviction, the Louisiana Third Circuit Court of Appeals rejected Petitioner's evidentiary sufficiency challenge to the jury's verdict.[9] That court reviewed the evidence adduced at trial and concluded that, based on this evidence, Petitioner was present when the fatal injuries to the victim occurred.[10] Furthermore, while the evidence indicated that a third individual, the victim's mother, was likely present when the fatal injuries occurred, no evidence was presented showing that she alone committed the abuse.[11] At trial, the State also presented unrebutted testimony that the victim was injured while in the care of Petitioner on at least three other occasions.[12] Therefore, the Third Circuit concluded that a rational trier of fact could have reasonably rejected the Petitioner's theory that the mother of the victim committed the crime and concluded, beyond a reasonable doubt, that Petitioner was guilty of second degree murder.[13] The R&R sets forth a detailed examination of the evidence adduced at trial that the Third Circuit relied on in rejecting Petitioner's challenge.[14] Considering this evidence and the timeline supported by this the evidence, the Third Circuit's conclusion was based on the correct legal standards and a reasonable assessment of the evidence. Accordingly, given the "twice-deferential" review afforded the state court, habeas relief is not permitted here.

In sum, the only argument specifically raised in Petitioner's constructive Rule 59(e) motion—evidentiary sufficiency—was previously rejected by the Court, and his motion raises no new grounds or arguments in support of his petition for habeas relief. Accordingly, the Rule 59(e)

---

[8] *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Herrera v. Collins*, 506 U.S. 390, 402 (1993)).
[9] *State v. Jackson*, 179 So.3d 753 (La. App. 3 Cir. 11/4/15).
[10] *Id.* at 768.
[11] *Id.*
[12] *Id.* at p. 770.
[13] *Id.*
[14] ECF No. 16, pp. 10-12.

motion [ECF No. 18] is DENIED. Further, the request for a certificate of appealability is DENIED because the Petitioner has failed to demonstrate a substantial showing of the denial of a constitutional right.

THUS DONE in Chambers on this 25th day of July, 2022.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE